**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMIEL JOHNSON               :
                                   :       CIVIL ACTION
       v.                        :
                                   :       NO. 14-6755
JOHN E. WETZEL, et al.       :

**MEMORANDUM**

YOHN, J.                                                         April 14, 2015

       Jamiel Johnson was convicted of first degree murder in 2005, for which he was sentenced to life in prison.  Now an inmate at SCI Smithfield, Johnson has filed a pro se motion seeking various forms of relief.  For the reasons set forth below, I will deny the motion in full.

**I.**       **BACKGROUND & PROCEDURAL HISTORY**[1]

       On September 21, 2005, Johnson was tried by jury in the Philadelphia County Court of Common Pleas and found guilty of first degree murder and possessing instruments of a crime. Johnson was sentenced to life in prison without parole on November 2, 2005.  This judgment was affirmed on direct appeal.  *Com. v. Johnson*, 919 A.2d 289 (Pa. Super. Ct. 2007); *Com. v. Johnson*, 594 Pa. 695 (2007) (denying allocator).  Johnson's subsequent collateral challenge under the state's Post Conviction Relief Act was also unsuccessful.  *Com. v. Johnson*, 2013 WL 9863751 (Pa. Com. Pl., Aug. 28, 2013); *Com. v. Johnson*, 107 A.3d 237 (Pa. Super. Ct. 2014).

       On November 19, 2014, Johnson filed a "Motion to Stay and Abey and Motion for Pre-Appointment of Counsel" (Doc. No. 1), in which he essentially challenged his conviction again. I denied this motion on January 20, 2015 (Doc. No. 2), stating that Johnson must file a petition for habeas corpus under 28 U.S.C. § 2254 to attack a state court conviction or sentence, and ordering the clerk to provide Johnson with a copy of the form for filing a § 2254 petition and an

---

[1] A more detailed summary of the facts is provided in *Com. v. Johnson*, 919 A.2d 289, 290-92 (Pa. Super. Ct. 2007).

application to proceed *in forma pauperis*.  On April 1, 2015, Johnson instead filed a "Motion for Pre-Appointment of Counsel, Motion to Reconsider the Order, Motion to Take Judicial Notice, and Motion to Stay and Abey" (Doc. Nos. 3, 4).  That motion is presently at issue.

## II.   DISCUSSION

The Supreme Court has held that "a habeas suit begins with the filing of an application for habeas corpus relief" and "a case does not become 'pending' until an actual application . . . is filed in federal court."  *Woodford v. Garceau*, 538 U.S. 202, 208-10 (2003).  Section 2254(h) provides that "in all proceedings brought under this section, . . . the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel."  Since Johnson has not filed an actual § 2254 petition, his habeas suit has not yet begun, and he is not at this moment an applicant for habeas relief.  Thus, the motion for pre-appointment of counsel is untimely.

Johnson also argues that the court erred in directing him to file a § 2254 petition within 30 days of the January 20, 2015 order.  In fact, the order directed Johnson to apply to proceed *in forma pauperis* within 30 days, or pay a filing fee.  Doc. No. 2 at 2.  Johnson has therefore failed to meet his burden of showing "at least one" valid basis for the court to reconsider its order.  *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

Finally, Johnson asks the court "to take judicial notice of the merits and nonfrivolity of his motion to stay and abey corroborating his claims of wrongful conviction," as well as to "stay and abey" the 1-year limitation on filing a § 2254 petition while "his motion for appointment of counsel is pending."  Doc. No. 4 at 8, 13.  Since the motion for pre-appointment of counsel is dismissed as untimely, there is no justification for staying the 1-year time limit,[2] and there is likewise no need for the court to take judicial notice of the merits of Johnson's underlying claim.

For the foregoing reasons, I will deny Johnson's motion.  An appropriate order follows.

---

[2] Johnson notes that his deadline for filing a § 2254 petition is September 26, 2015, leaving him ample time to do so.